Mike Arias, Esq. (CSB #115385)
Arnold C. Wang, Esq. (CSB #204431)
M. Anthony Jenkins (CSB #171958)[1]
**ARIAS SANGUINETTI WANG & TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone:  (310) 844-9696
Facsimile:  (310) 861-0168

Neville L. Johnson, Esq. (CSB #66329)
Daniel B. Lifschitz, Esq. (CSB #285068)
**JOHNSON & JOHNSON LLP**
439 N Canon Dr, Ste 200
Beverly Hills, CA 90210-3908
Telephone:  (310) 975-1080
Facsimile:  (310) 975-1095

Attorneys for Plaintiff
THOMAS MOLINARI

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS MOLINARI,<br><br>     Plaintiff,<br><br>     vs.<br><br>AUDIOPHILE MUSIC DIRECT, INC.;<br>MOBILE FIDELITY SOUND LAB, INC.,<br><br>     Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

---

[1] Petition for admission to be filed.

**NOTICE TO DEFENDANTS OF DUTIES TO RETAIN EVIDENCE:**

1. TO ALL DEFENDANTS: Note and adhere to your duties to retain, and not delete or destroy, all documents, emails, databases, electronic records, electronically stored information, and all other evidence that may be pertinent to this lawsuit, and to cease any destruction or deletion of such evidence that might otherwise take place in the ordinary course of your business or affairs.

## NATURE OF THIS ACTION

2. Plaintiff THOMAS MOLINARI, on behalf of himself and all others similarly situated, files this Class Action Complaint against Defendants AUDIOPHILE MUSIC DIRECT, INC. ("Music Direct") and MOBILE FIDELITY SOUND LAB, INC. ("Mobile Fidelity"), based on personal knowledge as to his own actions and on information and belief as to Defendants' conduct and practices.

3. Plaintiff THOMAS MOLINARI, on behalf of himself and all others similarly situated, files this Class Action Complaint against Defendants AUDIOPHILE MUSIC DIRECT, INC. ("Music Direct") and MOBILE FIDELITY SOUND LAB, INC. ("Mobile Fidelity"), based on personal knowledge as to his own actions and on information and belief as to Defendants' conduct and practices.

## NATURE OF THIS ACTION

4. Mobile Fidelity manufactures and sells vinyl record albums, among other things. Music Direct (the parent company of Mobile Fidelity) advertises and sells, among other things, record albums made by Mobile Fidelity. This proposed class action is on behalf of consumers who, during the period from four years prior to the commencement of this action to July 14, 2022, purchased a vinyl record album made by Mobile Fidelity that was advertised by Defendants as an *ORIGINAL MASTER RECORDING* ("Albums"). Defendants' advertising was false and deceptive because the Albums were not made directly from the original master recording. Instead, Mobile Fidelity converted the original master analog (studio) recordings to digital files and then used the digital files to make the Albums.

Albums made from digital files have a lower sound quality and are not as collectable as albums made directly from the original master recording without any digital remastering. In this action, Plaintiff seeks to represent a nationwide class and a California class for the prosecution of claims against Mobile Fidelity and Music Direct for breach of express warranty, breach of contract, fraud, violations of unfair competition/consumer protection laws, and unjust enrichment.

## PARTIES

5. Plaintiff Thomas Molinari is a resident of Napa, California and has an intent to remain in California making him a citizen of California. Mr. Molinari purchased various records from Music Direct and Al, starting in or around 2020. As late as March 7, 2022, Mr. Molinari purchased the Mile Davis album Filles De Kilimanjaro, limited edition, 2 LP set for $59.99, plus tax and shipping totaling $74.63. The Mobile Fidelity album was purchased by Plaintiff in Napa, California through the Music Direct website. Prior to purchasing the album, Mr. Molinari relied on the representations from Music Direct and Mobile Fidelity that the albums were analog, as Mr. Molinari was only interested in purchasing this as an analog album. The representations made on the website included that the album was an "Original Master Recording" that used the original tapes. These representations were confirmed on the actual album cover, the albums and inserts that came with the album. Specifically, the album cover had a band at the top "Original Master Recording." This statement was also made on a band on the top of the insert and on the album itself. The album and the insert also confirmed the album was made using "Gain 2 Ultra Analog." Nowhere on the website or album were there representations made that digital mastering or DSD (direct stream digital) was used as part of the process of creating the album. Mr. Molinari relied on the various statements and omissions when deciding to purchase the album. These representations and omissions formed the basis of the bargain in that, had Mr. Molinari been aware that the album used digital remastering or DSD technology, he would not have purchased

the album. In or about July 2022, Mr. Molinari discovered that his album used DSD technology as part of the mastering chain. Around this same time, he learned that numerous other Mobile Fidelity albums he purchased through Music Direct, Mobile Fidelity or on the secondary market were also not pure analog and instead used digital remastering or DSD technology. Some of these records included: Miles Davis: Nerfertiti, Bob Dylan: Blond on Blond, Duke Ellington: Ellington at Newport, Mile Davis: On the Corner, Mile Davis: My Funny Valentine, Mile Davis: Miles in the Sky, Miles Davis: Jack Johnson, Mile Davis: On the Corner, Bob Dylan: Blood on the Tracks, Bob Dylan: John Wesley Harding and Bob Dylan: Oh Mercy.

6. Defendant Mobile Fidelity Sound Lab, Inc. is a corporation incorporated under the laws of the State of Illinois having its principal place of business in the State of Illinois, doing business as Mobile Fidelity Sound Lab, Mobile Fidelity and MoFi. Mobile Fidelity produced, advertised and sold the Albums to consumers throughout the United States, including California.

7. Defendant Audiophile Music Direct, Inc. is a corporation incorporated under the laws of the State of Nevada having its principal place of business in the State of Illinois, doing business as Music Direct. Music Direct advertised and sold the Albums to consumers throughout the United States, including California As the parent corporation of Mobile Fidelity, at all times relevant Music Direct exercised such a degree of control over its subsidiary corporation that the subsidiary can legitimately be described as only a means through which the parent acts, or nothing more than an incorporated department of the parent, such that Mobile Fidelity should be deemed to be the agent of Music Direct.

**JURISDICTION AND VENUE**

8. Jurisdiction. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between and among the Plaintiff on the one hand and the Defendants on

the other. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over all claims by the other class members that may be in lesser amounts because all claims arise out of the same Article III case or controversy and derive from a common nucleus of operative facts so that considerations of judicial economy, convenience and fairness to litigants favor trial in a single proceeding.

9. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise to the claims in this action occurred within the Northern District.

10. Divisional Assignment. Assignment to the San Francisco Division is proper pursuant to Civil L.R. 3-2(d) because a substantial part of the events or omissions that give rise to this action occurred in Napa County.

11. Defendants have substantial ongoing business relationships in California with consumers who purchase their products. Defendants' contacts with California are such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. The State of California has a sufficient relationship with Defendants and the litigation to make it reasonable to require Defendants to defend this action in the federal court located in that state. Defendants' numerous and ongoing contacts with the State of California are sufficient to establish the Court's general personal jurisdiction over Defendants.

## FACTUAL ALLEGATIONS

12. Vinyl record albums made directly from the original master analog (studio) recording have superior sound quality and are more collectable, and therefore more valuable and expensive, than albums made from a digital file or digital audio recording process such as DSD.

13. At all times relevant, Defendants advertised, labelled, marketed and represented to Plaintiff and the rest of the Class that the Albums were made from the original master recording. Defendants made the representations to the Plaintiff and

CLASS ACTION COMPLAINT

the rest of the Class. Each Defendant's website represented that each Album is an "Original Master Recording." In 2017, two of Mobile Fidelity's mastering engineers noted during an interview that "some people ask us questions like is it an all analog master chain? It is." In 2020, Mobile Fidelity sent customer service e-mails to consumers informing them that "there is no analog to digital conversion in our vinyl cutting process[,]" and that "[a]ny product that bears the ORIGINAL MASTER RECORDING stripe on the jacket lets the customer know that the Original Master Tape was used to produce the release." These representations were repeated on the actual album cover and the insert that came with the album. The album and the insert also represented that the album was made using "Gain 2 Ultra Analog" "only utiliz[ing] first generation original master recordings as source material for our releases." At all times relevant, no where on the website or album were there representations that the Albums were made using DSD or any other digital mastering process. All of these representations are false and deceptive because the Albums were not made directly from the original master tape. Instead, Defendant digitally mastered the Albums by converting the master analog recording to a digital file and then used the digital file to make the Album. Defendants intentionally hid this fact from consumers until July 2022 when Mobile Fidelity's engineers revealed the truth during an interview. Defendants have since acknowledged the Albums were digitally remastered and began disclosing the same in their advertising.

14. A reasonable consumer seeing the designation "Original Master Recording" would understand the Album was made from the original master recording without any digital remastering.

15. Defendants' customers and members of the public are likely to be deceived by Defendants' misrepresentations and false and deceptive advertising alleged herein.

16. Plaintiff and the rest of the Class reasonably relied on Defendants' representations, as alleged herein, when making their decision to purchase Albums.

CLASS ACTION COMPLAINT

Plaintiff and the rest of the Class understood Defendants' advertising of the Albums to be Original Master Recordings to mean that the Albums were made from the original master recording without any digital remastering.

17. Had Defendants not misrepresented or falsely advertised the Albums as being original master recordings, Plaintiff and the rest of the Class would not have purchased Albums or they would have paid less.

18. Based on Defendants' representations of quality and exclusivity, Defendants were able to charge Plaintiff and the rest of the Class a premium price for the Albums.

19. Prior to July 14, 2022, Plaintiff and the rest of the Class had no reason to know that Defendants' advertisements, labelling and representations that the Albums were made from original master recordings were untrue.

20. Plaintiff and the rest of the Class have been induced to purchase Albums that were materially misrepresented, mislabeled and have suffered injury and damages as a proximate result of Defendants' conduct.

## CLASS ALLEGATIONS

21. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all members of the proposed Classes defined below.

22. **Class Definitions.** Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiff seeks to represent the following classes (collectively "Class" or "Classes") defined as:

    a. **Class 1 (Nationwide Class) -** All persons who purchased in the United States a vinyl record album manufactured by Mobile Fidelity Sound Lab, Inc. (also known as Mobile Fidelity Sound Lab, Mobile Fidelity and/or MoFi) that bears the words "ORIGINAL MASTER RECORDING" at the top of the album jacket cover, that was purchased from Mobile Fidelity Sound Lab, Inc., Audiophile Music Direct, Inc. (also known as Music Direct) or any other retailer during the period

from four years prior to the commencement of this action to July 14, 2022; and,

b.  **Class 2 (California Class) -** All persons who purchased in California a vinyl record album manufactured by Mobile Fidelity Sound Lab, Inc. (also known as Mobile Fidelity Sound Lab, Mobile Fidelity and/or MoFi) that bears the words "ORIGINAL MASTER RECORDING" at the top of the album jacket cover, that was purchased from Mobile Fidelity Sound Lab, Inc., Audiophile Music Direct, Inc. (also known as Music Direct) or any other retailer during the period from four years prior to the commencement of this action to July 14, 2022.

23. Plaintiff reserves the right to amend or modify this Complaint and/or the proposed Class definitions after receiving Defendants' Answer and responses to meaningful discovery and/or in the motion for class certification. Subject to additional information obtained through further investigation and discovery, the above-described Classes may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

24. **Numerosity.** Based on the size of each Defendant's business and its position in the market for similar products, Plaintiff believes and allege that the proposed Classes consist of a sufficiently large number of members, and individual joinder would be impracticable. The precise number and identities of Class members are unknown to Plaintiff but should be obtainable through notice and discovery of the Defendants' business records of orders from, payments from, and shipments to the direct purchasers. Notice can be provided through a variety of means including mail and/or publication, the cost of which is properly imposed on Defendants. Class members are so numerous and are dispersed throughout California and the United States that joinder of all Class members is impracticable. Class members can be identified by, inter alia, records maintained by the Defendants.

25. **Commonality and Predominance.** There are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes.

These include, but are not limited to, the following:

    a. whether each Defendant's labeling and/or advertising of the Albums was false and deceptive;

    b. whether each Defendant's conduct was unfair, unlawful and/or fraudulent;

    c. whether each Defendant has breached an express warranty or contract relating to the purchase of the Albums; and,

    d. whether the Classes have sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

26. **Typicality.** Plaintiff's claims are typical of the claims of the Classes whose members sustained similar types of injuries arising out of the conduct challenged in this action. The injuries flow from a common nucleus of policies and practices by the Defendants and are based on the same legal theories. The claims of the named-Plaintiff are typical of the claims of other members of the Classes in that the named Plaintiff was exposed to each Defendant's false and misleading misrepresentations and omissions, purchased one or more Albums in reliance on the same misrepresentations and omissions, and suffered an injury or loss as a result of those purchases.

27. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who have been repeatedly found to be adequate to represent the interests of class members in other complex class actions.

28. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them. The claims in this action are manageable on a class-wide basis

**CLASS ACTION COMPLAINT**

and can be the subject of a class-wide plan for litigating and resolving these issues.

## COUNT I

### Breach of Express Warranty

29. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

30. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendants.

31. Plaintiff and the rest of members of each Class purchased one or more Albums from one or both of the Defendants. Albums are goods as defined under Article 2 of the Uniform Commercial Code and California Commercial Code § 2105. Each Defendant's sale of Albums constitutes a transaction in goods under Article 2 of the Uniform Commercial Code and California Commercial Code § 2102.

32. Defendants, as the designer, manufacturer, marketer, distributor, producer and/or seller of the Albums, represented that the Albums are original master recordings, as alleged herein. However, these representations were false because the manufacture of the Albums included using a digital process, therefore the Albums were not pure analog recordings. The Albums were not as represented and did not conform to the affirmation, promise and/or description relating to each of the Albums because they were not original master recordings. Instead, Mobile Fidelity converted the original master analog recordings to digital files and/or used digital files, digital mastering and/or direct stream digital to make the recordings, and otherwise breached the Express Warranty as set forth in Class Action Complaint (incorporated here by reference).

33. Defendants' representations as alleged herein constitute an affirmation of fact or promise or a description relating to the Albums that were made to Plaintiff and the rest of members of each Class, that became and/or were made part of the basis of the bargain, *i.e.*, the purchase of Albums, and created an express warranty under section 2-313 of the Uniform Commercial Code and section 2313 of the

CLASS ACTION COMPLAINT

California Commercial Code that the Albums shall conform to the affirmation, promise and/or description relating to the Albums.

34. The express warranty made by Defendants, and each of them, to Plaintiff and the rest of members of each Class, was breached by each of the Defendants because the Albums were not as represented and did not conform to the affirmation, promise and/or description relating to the Albums, as alleged herein.

35. Plaintiff, within a reasonable time after he discovered Defendants' breach, notified Defendants that the Albums purchased by Plaintiff and the rest of the Class members were not as represented.

36. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and the rest of the Class have been injured and harmed because they would not have purchased the Albums or would have paid substantially less for them if they had known that the Albums were not analog albums as alleged above.

37. The failure of the Albums to be as represented was a substantial factor in causing Plaintiff's and the rest of Class members' harm and resulting damages, for which Plaintiff seeks and is entitled to recover on behalf of himself and the rest of members of each Class, damages including but not limited to the difference between the value of the Albums when purchased and the value they would have had if they had been as warranted, or the amount each of them paid for each Album they purchased, plus interest.

## COUNT II

### Breach of Contract

38. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

39. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendants.

40. Plaintiff and the rest of the Class entered into a contract to purchase one or more Albums from one or both of the Defendants, and did all that the contract

required of them, *i.e.*, they paid for the Albums they purchased. Under each said contract the contracting Defendant's required performance was to sell, deliver and transfer an album that was an original master recording of the artist.

41. Each Defendant failed to perform as required by the contract because what was sold to Plaintiff and the rest of the Class members was not an original master recording of the artist. Plaintiff and the rest of the Class members have been harmed thereby.

42. Each Defendant's breach of contract was a substantial factor in causing Plaintiff's and the rest of the Class members' harm, for which Plaintiff seeks and is entitled to recover on behalf of himself and the rest of the Class, damages including but not limited to the difference between the value of the Albums when purchased and the value they would have had if they had been as warranted, or the amount each of them paid for each Album they purchased, plus interest.

## COUNT III

### Fraud

43. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint as if fully set forth here.

44. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

45. As alleged above, Defendants provided Plaintiff and members of the Classes with false or misleading material information about the Albums, namely that the Albums were made from the original master recordings. Defendants failed to disclose material information to Plaintiff and members of the Classes that the Albums employed digital technologies in the production chain and therefore were not analog albums.

46. These misrepresentations and omissions were made with knowledge of their falsehood. Defendants manufacturer, produce, market and/or sell the Albums. Further, Defendant Mobile Fidelity has admitted in a statement by its president in

**CLASS ACTION COMPLAINT**

August 2022 that it has been using digital technologies in the production chain of Albums since as early as 2011. Defendant therefore knew that it employed digital technologies in the mastering chain of the Albums.

47.  A reasonable consumer seeing the designation "Original Master Recording" would understand the Album was made from the original master recording without any digital remastering.

48.  The misrepresentations and omissions made by Defendants, upon which Plaintiff and the rest of the Class reasonably and justifiably relied, was intended to induce, and actually induced Plaintiff and members of the Classes to purchase the Albums. The specific representations relied upon by Plaintiff are alleged above.

49.  Defendant had a duty to disclose the use of digital recording technologies in the production chain to Plaintiff and members of the Classes because (i) Defendant was in a fiduciary relationship with Plaintiff and members of the Classes, (ii) Defendant had superior and exclusive knowledge of the use of digital technologies in its production chain, and (iii) Defendant made partial representations regarding the Albums as described above, while failing to disclose that Defendant employed digital technologies in the production chain.

50.  The fraudulent actions and fraudulent intent of Defendant caused damage to Plaintiff and members of the Classes, for which Plaintiff seeks and is entitled to recover, among other things, on behalf of himself and the rest of the Class, compensatory, actual, incidental, consequential, exemplary and punitive damages, plus interest.

51.  Each Defendant's conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

# COUNT IV

## Violations of Unfair Competition Law/Consumer Protection Laws

52. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

53. Plaintiff brings this claim individually and on behalf of the Classes against Defendants.

54. The consumer protection laws[2] ("Consumer Protection Laws") of the fifty states and the District of Columbia prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

55. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as alleged herein. Plaintiff purchased Albums from Defendants. Defendants

---

[2] See, e.g., Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code §§ 4-88-101, et seq.; Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Bus. & Prof. Code §§ 17500, et seq.; Cal. Civ. Code §§ 1750 et seq.; Colo. Rev. Stat. §§ 6-1-101, et seq.; Conn. Gen Stat. §§ 42- 110, et seq.; 6 Del. Code §§ 2513, et seq.; D.C. Code §§ 28-3901, et seq.; Ga. Code §§ 10-1-390, et seq.; Haw. Rev. Stat. §§ 480-2, et seq.; Idaho Code §§ 48-601, et seq.; Illinois 815 ILCS 501/1, et seq. Kan. Stat. Ann. §§ 50-623, et seq.; Louisiana LSA-R.S. §§ 51:1401, et seq. Me. Rev. Stat. Ann. Tit. 5, §§ 207, et seq.; Md. Code Ann. Com. Law, §§ 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, §§ 1, et seq.; Mich. Comp. Laws Ann. §§ 445.901, et seq.; Minn. Stat. §§ 325F, et seq.; Mont. Code §§ 30-14-101, et seq.; Mo. Rev. Stat. §§ 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq. Nev. Rev. Stat. §§ 41.600, et seq.; N.H. Rev. Stat. §§ 358-A:1, et seq.; N.J. Stat. §§ 56:8, et seq.; N.M. Stat. §§ 57-12-1, et seq.; N.Y. Gen. Bus. Law §§ 349 and 350; N.C. Gen Stat. §§ 75-1.1, et seq.; N.D. Cent. Code §§ 51-15, et seq.; Ohio Rev. Code §§ 1345.01, et seq.; Okla. Stat. Tit. 15 §§ 751, et seq. Or. Rev. Stat. §§ 646.605, et seq.; Pennsylvania 73 P.S. §§ 201-1, et seq. R.I. Gen. Laws §§ 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5-10, et seq. S.D. Codified Laws §§ 37-24-1, et seq.; Tenn. Code Ann. §§ 47-18-101, et seq.; Tex. Code., Bus. & Con. §§ 17.41, et seq.; Utah Code. §§ 13-11-175, et seq.; Vermont 9 V.S.A. §§ 2451, et seq.; Va. Code Ann. §§ 59.1-199, et seq. Wash. Rev. Code §§ 19.86.010, et seq.; W. Va. Code §§ 46A, et seq.; Wis. Stat. §§ 100.18, et seq.; Wyo. Stat. §§ 40-12-101, et seq.

falsely advertised, marketed and/or represented that the Albums were made directly from the original master recordings. Had Defendants not misrepresented or falsely advertised the Albums as being original master recordings, Plaintiff would not have purchased the Albums or he would have paid less.

56. The UCL and the Consumer Protection Laws prohibit unlawful, unfair and/or fraudulent business practices alleged herein.

57. Defendants' acts and business practices, as alleged herein, violate the "unlawful" prong of the UCL because they constitute, for example and without limitation, violations of the express warranty provisions California Commercial Code section 2313; violations of the FAL, as Defendants acts of untrue and misleading advertising, as alleged herein, are, by definition, violations of California Business and Professions Code section 17500; and violations of the CLRA which bars representations that "goods ... have characteristics which they do not have" or "are of a particular standard, quality, or grade ... if they are of another[]" (Cal. Civ. Code §§ 1770(a)(5), (7)).

58. Defendants' acts and business practices, as alleged herein, violate the "unfair" prong of the UCL because Defendants' conduct is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and otherwise violates public policy based on the practices that are prohibited by the California Commercial Code, FAL and CLRA.

59. Defendants' acts and business practices, as alleged herein, violate the "fraudulent" prong of the UCL because they are likely to deceive a reasonable consumer. Specifically, Defendants have violated the "fraudulent" prong of the UCL by representing to Plaintiff and the Class that the Albums were made from original master tapes when in fact digital files were used instead. As alleged above, Plaintiff has identified the specific statements and information he read which was the reason he bought the Albums.

/ / /

CLASS ACTION COMPLAINT

60. The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' practice and, consequently, their practice of falsely advertising, marketing and/or representing that the Albums were pure analog and original master recordings and/or failing to disclose that digital files were used to make the Albums instead, constitutes an unfair business act or practice within the meaning of Business and Professions Code section 17200.

61. Defendants' practice, as alleged herein, is likely to mislead the general public and, consequently, constitutes a fraudulent business act or practice under the UCL and Consumer Protection Laws.

62. Defendants' alleged conduct constitutes repeated violations of the Consumer Protection Laws of each state and the District of Columbia. Each Defendant intended that Plaintiff and the rest of the Class would be induced to purchase Albums based on, and would rely upon, each Defendant's deceptive conduct, and a reasonable person would in fact be misled by the deceptive conduct alleged herein.

63. As a direct and proximate result of Defendants' conduct alleged herein, and each Defendant's unlawful, unfair, and fraudulent business practices, Plaintiff and the rest of the Class members have suffered injury in fact and lost money or property, for which Plaintiff seeks an order pursuant to California Business and Professions Code section 17203 and the Consumer Protection Laws requiring Defendants to make full restitution to Plaintiff and the rest of the Class of all monies Defendants wrongfully obtained from Plaintiff and the rest of the Class, and/or that damages be awarded to the Class, including but not limited to the difference between the value of the Albums when purchased and the value they would have had if they had been as warranted, or the amount each of them paid for each Album they purchased, plus interest.

/ / /

/ / /

## COUNT V

### Unjust Enrichment

64. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

65. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

66. As a proximate result of each Defendant's conduct alleged herein, each Defendant has received benefits which it has unjustly retained at the expense of the Plaintiff and the rest of the Nationwide Class. Each Defendant has been unjustly enriched in the amount of the sale prices of Albums or the difference between the value of the Albums when purchased and the value they would have had if they had been as advertise, labelled, warranted and/or represented, or the amount each of them paid for each Album they purchased. Plaintiff seeks and is entitled to recover on behalf of himself and the rest of the Nationwide Class, among other things, restitution in the amounts Defendants were unjustly enriched, plus interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Classes, respectfully requests that this Court enter an order and judgment as follows:

1. For an order certifying that this action be maintained as a class action for all claims and appointing Plaintiff as the Representative of the Classes and Plaintiff's counsel as Class Counsel;
2. For an order declaring that each Defendant's conduct violates the statutes referenced herein;
3. For an order finding in favor of Plaintiff and the Classes on all counts and for judgment thereon;
4. For an order and judgment for restitution and all actual, incidental, consequential, compensatory, statutory, exemplary and punitive damages in amounts to be determined by the Court and/or jury;

5. For an award of attorneys' fees to the extent available under applicable law, including but not limited to California Civil Procedure Code § 1021.5;

6. For costs of suit herein incurred;

7. For pre-judgment interest on all amounts awarded; and,

8. For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

Dated:   September 23, 2022         **ARIAS SANGUINETTI WANG**
                                          **& TORRIJOS LLP**

                                    By:   /s/*Mike Arias*
                                          MIKE ARIAS
                                          ARNOLD C. WANG
                                          M. ANTHONY JENKINS

                                          **JOHNSON & JOHNSON LLP**

                                          NEVILLE L. JOHNSON
                                          DANIEL B. LIFSCHITZ

                                          Attorneys for Plaintiff
                                          THOMAS MOLINARI

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable as a matter of right, and for an advisory jury on all other causes of action.

Dated: September 23, 2022

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By: /s/*Mike Arias*
MIKE ARIAS
ARNOLD C. WANG
M. ANTHONY JENKINS

**JOHNSON & JOHNSON LLP**

NEVILLE L. JOHNSON
DANIEL B. LIFSCHITZ

Attorneys for Plaintiff
THOMAS MOLINARI

**CLASS ACTION COMPLAINT**